UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6278-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ENRIQUE BALENTE VARGAS-NUNEZ,

    Defendant(s).
_____/

FILED by _____ D.C.
OCT - 5 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## ORDER SETTING JURY TRIAL

IT IS HEREBY ORDERED that the above-entitled cause is hereby set for trial before the Honorable Donald M. Middlebrooks, United States District Judge, at United States District Court, 301 North Miami Avenue, Sixth Floor, Miami, Florida, during the two-week period commencing December 4, 2000 at 9:00 a.m., or as soon thereafter as the case may be called.

IT IS FURTHER ORDERED that a Status Conference will be held on November 8, 2000 at 8:30 a.m. <u>ALL COUNSEL AND DEFENDANTS MUST BE PRESENT</u>. At the request of the parties, the Court will entertain a change of plea hearing at the status conference.

**PLEASE NOTE:** **Qualification for Acceptance of Responsibility is jeopardized if an intention to enter a plea of guilty is not announced at or before the status conference noted above.** *see United States Sentencing Commission Guidelines Manual, §3E1.1 application notes 1(h) and 6 ("[to] qualify under subsection (b)(2) the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.").*

1



1. All requests for Writs Ad Testificandum <u>must</u> be filed not later than fourteen (14) business days prior to the first day of the scheduled trial period to ensure adequate time for processing.

2. On the first day of trial, counsel shall prepare and submit to the Court proposed jury instructions with the substantive charges and defenses. Such instructions shall be in typed form and, accompanied by a 3 1/2 inch IBM-formatted disc compatible with WordPerfect. To the extent these instructions are based upon the Eleventh Circuit Pattern Jury Instructions, counsel shall indicate the appropriate 1997 Eleventh Circuit Pattern Jury Instruction upon which their instruction is modeled.

3. All responses to the Standing Discovery Order and/or Local Rule 88.10 <u>shall</u> be provided timely. Noncompliance may result in sanctions. Fed. R. Evid. 404(b) notices <u>shall</u> include a specific factual basis for the evidence sought to be introduced.

4. The government and defense counsel shall strictly comply with Local Rule 88.10 (P), which requires the preparation of a written statement signed by all parties describing discovery material exchanged and agreed upon trial stipulations. The parties will also acknowledge in the written statement that they have thoroughly reviewed this Order.

5. Initial and Supplemental discovery responses provided "out-of-time" shall include a statement in the first paragraph of the response explaining why Criminal Discovery was not complied with in a timely fashion.

6. No later than the beginning of the government's case-in-chief, counsel for the government shall present a list of proposed witnesses and/or exhibits. Counsel for the defendant(s) shall provide a list of proposed witnesses and/or exhibits at the beginning of the defense case-in-chief or if evidence is submitted during the government's case, at such time evidence is first offered. All exhibits offered into evidence must be pre-labeled in accordance with the proposed exhibit list.

Exhibit labels shall include the case number. Counsel shall also submit to the Court in writing any motions in limine regarding trial issues at the **status conference.**

7. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the scheduled trial date.

8. Counsel are further instructed to notify the Court, if an interpreter is required, at least 24 hours prior to any hearing or trial.

9. Any attorney seeking exoneration of a cash bond shall obtain a copy of the form entitled "Motion for Disbursement of Bond" from the clerk of court or file the appropriate motion.

10. If either party seeks to introduce transcript (s) at trial, the moving party shall present a copy to all counsel not less than ten (10) days prior to the scheduled trial date. If a transcript cannot be agreed upon, each party shall produce their own version of the transcript for presentation to the trier of fact. Government counsel shall notify the case agent/client agency of this requirement.

11. Counsel shall reduce all stipulations to writing prior to trial.

12. **All motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion as required by Local Rule 88.9.**

13. All motions for continuance **must** be in writing and filed with the clerk of the court at least seventy-two (72) hours prior to the status conference. Please note that motions for continuance will not be favorably considered unless the parties have complied with Local Rule 88.10 (P) which requires the filing of a written statement describing all discovery material exchanged.

15. If defense counsel anticipates that sentencing hearing will take more than thirty (30) minutes, the courtroom deputy clerk shall be advised not later than five (5) days prior to the hearing.

16. Any defense counsel who has or will represent witnesses, co-defendants, targets, or subjects in this or any other related criminal case shall notify the Court immediately so that a Garcia Hearing can be scheduled to resolve any potential or actual conflicts of interest. It is the desire of the court that all Garcia Hearings be conducted as close to the time of arraignment as possible.

DONE AND ORDERED at Miami, Florida, this 4 day of October, 2000.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Donald Chase, AUSA
The Federal Public Defender's Office
U. S. Pretrial Services Office
U. S. Marshals Service